IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE GILLETTE COMPANY,<br>One Gillette Park<br>Boston, MA 02127 )<br><br>Plaintiff, )<br><br>vs. )<br><br>Rocusa International LLC, d/b/a GiftKoncepts )<br>5632 Mossbank Lane )<br>Winston Salem, NC 27106 )<br><br>Defendant. ) | Civil Action No.: 1:14-cv-684<br><br>Unassigned<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

COMES NOW Plaintiff, The Gillette Company, (hereinafter "Gillette"), by and through its attorneys, and for its complaint against Defendant Rocusa International LLC, d/b/a GiftKoncepts ("Rocusa" or "Defendant") alleges that:

## NATURE OF THE CASE

1. This action arises from the manufacture, distribution, sale, and/or offer for sale of razor blade cartridges, shaving blade units, and razor/shaving blade dispensers and containers by Defendant that violate the design patent and utility patent rights of Gillette, in violation of the Patent Act, 35 U.S.C. §271 *et seq.* The razor/shaving blade products at issue in this case intentionally imitate and directly copy the valuable, unique and distinctive ornamental and non-functional design of and containers for Gillette's Mach®, Fusion®, and/or Venus® razor blade cartridges, shaving blade units, and razor/shaving

blade dispensers and container products, thereby infringing Gillette's design patent rights in violation of the Patent Act, 35 U.S.C.§271 *et seq.* The Defendant willfully infringes Gillette's utility patent rights by manufacturing, using, marketing, selling, offering for sale, and/or importing into the United States razor/shaving blade products that infringe at least one claim of Gillette's utility patent rights in violation of the Patent Act, 35 U.S.C. §271 *et seq.* Defendant infringes these rights through its direct actions, and indirectly through its supply of infringing products to others.

## THE PARTIES

2. The Gillette Company is a corporation licensed in the state of Delaware, with its principal place of business at One Gillette Park, Boston, Massachusetts, 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter P&G), a corporation licensed in the state of Ohio. Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Rule 7.1 of the Federal Rules of Civil Procedure.

3. Rocusa International, LLC is a limited liability corporation existing under the laws of the state of North Carolina, having its principal place of business located at 5632 Mossbank Lane, Winston Salem, North Carolina, 27106.

4. Upon information and belief, Rocusa International, LLC operates and holds itself out to the public under the fictitious name "GiftKoncepts."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Gillette's claims because they arise under the patent laws of the United States, including, but not limited to, Patent Act 35 U.S.C. §271. Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. §1338(a).

6. This Court has personal jurisdiction over Rocusa under Fed. R. Civ. Pro. 4 and under Ohio Rev. Code Ann. § 2307.382 because Rocusa, upon information and belief, has committed acts of infringement in Ohio and/or has regularly solicited business or derived substantial revenue from goods promoted, advertised, sold, used, and/or consumed in the state of Ohio, and specifically has sold shaving blade units, razor blade cartridges, and/or dispensers or containers for such that infringe Gillette's intellectual property in the state of Ohio, and/or has intentionally placed into the stream of commerce, shaving blade units, razor blade cartridges, and/or dispensers or containers for such that infringe Gillette's intellectual property, with full knowledge and intent that such products would be sold and/or offered for sale in the state of Ohio, and has thus purposefully availed itself of the privilege of doing business in the state of Ohio.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

## OVERVIEW OF PLAINTIFF GILLETTE

8. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent Des. 422,751("'751 Patent"), issued on April 11, 2000, which expired on April 14, 2014, claiming "the ornamental design for a razor blade cartridge." A copy of the '751 Patent is attached hereto as Exhibit A.

9. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent Des. 575,454 S ("'454 Patent"), issued on August 19, 2008, claiming "the ornamental design for a shaving blade unit." A copy of the '454 Patent is attached hereto as Exhibit B.

10. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D531,518 S ("'518 Patent), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor blade cartridges." A copy of the '518 Patent is attached hereto as Exhibit C.

11. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D533,684 ("'684 Patent"), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge." A copy of the '684 Patent is attached hereto as Exhibit D.

12. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D604,904 ("'904 Patent"), issued on November 7, 2009, claiming "the ornamental design for a razor cartridge." A copy of the '904 Patent is attached hereto as Exhibit E.

13. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D430,023 ("'023 Patent"), issued on August 29, 2000, which expires on August 29, 2014, claiming "the ornamental design for a container." A copy of the '023 Patent is attached hereto as Exhibit F.

14. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D440,874 S ("'874 Patent"), issued on April 24, 2001, claiming

"the ornamental design for a container." A copy of the '874 Patent is attached hereto as Exhibit G.

15. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Patent No. 5,813,293 ("'293 Patent"), issued on September 29, 1998, entitled "Shaving System and Method." A copy of the '293 Patent is attached hereto as Exhibit H.

16. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Patent No. 6,161,287 ("'287 Patent"), issued on December 19, 2000, entitled "Razor Blade System." A copy of the '287 Patent is attached hereto as Exhibit I.

17. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its unique, nonfunctional and distinctive product designs.

18. Gillette is in the business of, among other things, developing, designing, advertising and marketing personal care/grooming products for both men and women. These personal care/grooming products include a variety of shaving products for both men and women. Gillette, as part of the P&G family, is the global market leader in razors, shaving, and razor blade and shaving products.

19. For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blade cartridges under the Mach3® brand (including the Mach3®, Mach3® Turbo and Mach3® Sensitive brands) and Fusion® brand (including Fusion® Manual, Fusion® Power and Fusion® ProGlide™ brands).

20. For women, among other things, Gillette offers proprietary razors, razor blade cartridges, razor blade containers, and refill razor blade cartridges under the Venus® brand.

21. The Mach® line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '751 Patent.

22. Gillette has established tremendous goodwill and proprietary design rights in the design of the Mach® line of razor blade cartridges.

23. The Fusion® line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '454 Patent.

24. The Fusion® line of dispensers for razor blade cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518 Patent.

25. The Fusion® line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '684 Patent.

26. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of shaving blade units and dispensers for razor blade cartridges.

27. The Fusion® ProGlide™ line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '904 Patent.

28. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® ProGlide™ line of razor blade cartridges.

29. Certain of the Venus® line of razor blade containers are sold housed in a container that features a unique, distinctive, non-functional design that embodies the design of the '023 Patent.

30. Certain of the Venus® line of razor blade cartridges are sold housed in a container that features a unique, distinctive, non-functional design that embodies the design of the '874 Patent.

31. Gillette has established tremendous goodwill and proprietary design rights in the design of the Venus® line of razor blade cartridges and razor blade containers.

32. The Mach3® line of razor blade cartridges embodies at least one of the claims of the '293 Patent.

33. The Venus® line of razor blade cartridges embodies at least one of the claims of the '287 Patent.

## OVERVIEW OF DEFENDANT ROCUSA INTERNATIONAL LLC

34. Upon information and belief, Defendant Rocusa operates the website giftkoncepts.com ("GiftKoncepts Website"). See http://giftkoncepts.com/about.html.   On this website, Rocusa offers and has offered for sale razor blade cartridges, shaving blade units, dispensers and containers for razor/shaving blade cartridges that it claims are "compatible" with Gillette Fusion® razor blade cartridges, Mach® razor blade cartridges, and Venus® razor blade cartridges.

35. Rocusa offers these products for sale in the continental United States, and offers free shipping for all orders within the continental United States.   See http://giftkoncepts.com/shipping.html.

36. Upon information and belief, Rocusa's customers for its infringing products include consumers/end users and also other retailers, resellers, and wholesalers, including, but not limited to, companies that operate "daily deal" websites ("Daily Deal Websites"). See http://giftkoncepts.com/return.html.

37. Upon information and belief, Rocusa ships products purchased through the Daily Deal Websites, including, but not limited to, sites such as eversave.com, dealsurf.com, and kgdeals.com on behalf of the owners/operators of those websites.

38. Upon information and belief, Rocusa bases a substantial component of its business on direct copies of and near exact imitations of Gillette's products that embody the designs of the '751 Patent, '454 Patent, '518 Patent, '684 Patent, '904 Patent, '023 Patent, '874 Patent, at least one of the claims of the '293 Patent, and/or at least one of the claims of the '287 Patent.

39. On July 16, 2013, Gillette contacted Rocusa via electronic mail indicating Gillette's belief that certain products offered for sale on the GiftKoncepts Website and the Daily Deal Websites violated Gillette's intellectual property rights in its Venus®, Mach® and Fusion® products, among other products, and requested samples of the products at issue in order to evaluate if such products violated Gillette's intellectual property rights.

40. On July 18, 2013, Rocusa, through the email address virage3323@gmail.com, responded to Gillette, indicating the company would remove certain products from its website, but did not address the concerns related to the Venus®, Mach® and Fusion® products.

41. Despite additional communications, upon information and belief, Rocusa continued to offer for sale razor blade cartridges, shaving blade units, dispensers for razor blade cartridges, and razor containers that it claims are "compatible" with Gillette Venus®, Fusion®, and Mach® products.

42. Gillette therefore files this Complaint seeking relief from Rocusa's infringement.

## COUNT ONE – DIRECT INFRINGEMENT OF THE '751 PATENT

43. Gillette restates and realleges paragraphs 1-42.

44. Gillette is the owner of the '751 Patent, which issued on April 11, 2000 and expired on April 14, 2014. The '751 Patent was valid and enforceable at the time of the infringement by the Defendant.

45. Upon information and belief, Rocusa has infringed the '751 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '751 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

46. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '751 Patent so as to be induced to purchase the razor blade cartridges through the GiftKoncepts Website believing the razor blade cartridges sold by Rocusa to be substantially the same as the designs embodied by and protected under the '751 Patent.

47. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '751 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

### COUNT TWO – DIRECT INFRINGEMENT OF THE '454 PATENT

48. Gillette restates and realleges paragraphs 1-47.

49. Gillette is the owner of the '454 Patent, which is valid and enforceable.

50. Upon information and belief, Rocusa has infringed, and continues to infringe, the '454 Patent by making, designing, selling, and/or offering for sale shaving blade units that apply the design of the '454 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

51. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the shaving blade units made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '454 Patent so as to be induced to purchase the shaving blade units, through the GiftKoncepts Website, believing the shaving blade units to be substantially the same as the design embodied by and protected under the '454 Patent.

52. Rocusa's deliberate and willful actions in infringing the design of Gillette's '454 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

53. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '454 Patent pursuant to 35 U.S.C. §§284 and 289.

## COUNT THREE – DIRECT INFRINGEMENT OF THE '518 PATENT

54. Gillette restates and realleges paragraphs 1-53.

55. Gillette is the owner of the '518 Patent, which is valid and enforceable.

56. Upon information and belief, Rocusa has infringed, and continues to infringe, the '518 Patent by making, designing, selling, and/or offering for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

57. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor cartridge dispensers made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '518 Patent so as to be induced to purchase the razor cartridge dispensers, through the

GiftKoncepts Website believing the razor cartridge dispensers to be substantially the same as the design embodied by and protected under the '518 Patent.

58. Rocusa's deliberate and willful actions in infringing the design of Gillette's '518 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

59. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

## COUNT FOUR – DIRECT INFRINGEMENT OF THE '684 PATENT

60. Gillette restates and realleges paragraphs 1-59.

61. Gillette is the owner of the '684 Patent, which is valid and enforceable.

62. Upon information and belief, Rocusa has infringed, and continues to infringe, the '684 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

63. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '684 Patent so as to be induced to purchase the razor blade cartridges through the GiftKoncepts Website believing the razor blade cartridges sold by Rocusa to be substantially the same as the designs embodied by and protected under the '684 Patent.

64. Rocusa's deliberate and willful actions in infringing the design of Gillette's '684 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

65. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '684 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

## COUNT FIVE – DIRECT INFRINGEMENT OF THE '904 PATENT

66. Gillette restates and realleges paragraphs 1-65.

67. Gillette is the owner of the '904 Patent, which is valid and enforceable.

68. Upon information and belief, Rocusa has infringed, and continues to infringe, the '904 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '904 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

69. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '904 Patent so as to be induced to purchase the razor blade cartridges through the GiftKoncepts Website believing the razor blade cartridges sold by Rocusa to be substantially the same as the designs embodied by and protected under the '904 Patent.

70. Rocusa's deliberate and willful actions in infringing the design of Gillette's '904 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

71. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '904 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

## COUNT SIX – WILLFUL INFRINGEMENT OF THE '023 PATENT

72. Gillette restates and realleges paragraphs 1-71.

73. Gillette is the owner of the '023 Patent, which is valid and enforceable until August 29, 2014.

74. Upon information and belief, Rocusa has infringed, and continues to infringe, the '023 Patent by making, designing, selling, and/or offering for sale razor containers that apply the design of the '023 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

75. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor containers made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '023 Patent so as to be induced to purchase the razor containers from the GiftKoncepts Website, believing the razor containers to be substantially the same as the design embodied by and protected under the '023 Patent.

76. Rocusa's deliberate and willful actions in infringing the design of Gillette's '023 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

77. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '023 Patent pursuant to 35 U.S.C. §§284 and 289.

## COUNT SEVEN – WILLFUL INFRINGEMENT OF THE '874 PATENT

78. Gillette restates and realleges paragraphs 1-75.

79. Gillette is the owner of the '874 Patent, which is valid and enforceable.

80. Upon information and belief, Rocusa has infringed, and continues to infringe, the '874 Patent by making, designing, selling, and/or offering for sale razor containers that apply the design of the '874 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

81. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantially similarity between the design of the razor containers made, designed, sold, and/or offered for sale by Rocusa and the patented design in the '874 Patent so as to be induced to purchase the razor containers from the GiftKoncepts Website, believing the razor containers to be substantially the same as the design embodied by and protected under the '874 Patent.

82. Rocusa's deliberate and willful actions in infringing the design of Gillette's '874 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

83. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful infringement of Gillette's '874 Patent pursuant to 35 U.S.C. §§284 and 289.

## COUNT EIGHT – WILLFUL INFRINGEMENT OF THE '293 PATENT

84. Gillette restates and realleges paragraphs 1-83.

85. Gillette is the owner of the '293 Patent, which is valid and enforceable.

86. Upon information and belief, Rocusa is infringing at least one claim of the '293 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing in to the United States, without license or authority, the infringing product.

87. Upon information and belief, Rocusa's infringement of the '293 Patent has taken place with the knowledge of the '293 Patent and this infringement has been willful, deliberate, and intentional.

88. As a result of Rocusa's infringing activities, Gillette has been and will continue to be damaged and irreparably harmed unless and until such infringing activities are enjoined by this Court.

89. Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Rocusa's willful infringement of Gillette's '293 Patent, pursuant to 35 U.S.C. § 284.

## COUNT NINE – WILLFUL INFRINGEMENT OF THE '287 PATENT

90. Gillette restates and realleges paragraphs 1-89.

91. Gillette is the owner of the '287 Patent, which is valid and enforceable.

92. Upon information and belief, Rocusa is infringing at least one claim of the '287 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing in to the United States, without license or authority, the infringing product.

93. Upon information and belief, Rocusa's infringement of the '287 Patent has taken place with the knowledge of the '287 Patent and this infringement has been willful, deliberate, and intentional.

94. As a result of Rocusa's infringing activities, Gillette has been and will continue to be damaged and irreparably harmed unless and until such infringing activities are enjoined by this Court.

Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Rocusa's willful infringement of Gillette's '287 Patent, pursuant to 35 U.S.C. § 284.

## COUNT TEN – INDUCEMENT TO INFRINGE THE '751 PATENT

95. Gillette restates and realleges paragraphs 1-94.

96. Upon information and belief, Rocusa has actively induced infringement of the '751 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '751 Patent in violation of 35 U.S.C. §271(b).

97. Rocusa has profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '751 Patent pursuant to 35 U.S.C. §284.

## COUNT ELEVEN – INDUCEMENT TO INFRINGE THE '454 PATENT

98. Gillette restates and realleges paragraphs 1-97.

99. Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '454 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '454 Patent in violation of 35 U.S.C. §271(b).

100.     Rocusa's deliberate and willful actions in inducing infringement of the '454 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

101.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '454 Patent pursuant to 35 U.S.C. §284.

## COUNT TWELVE – INDUCEMENT TO INFRINGE THE '518 PATENT

102.     Gillette restates and realleges paragraphs 1-101.

103.     Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '518 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '518 Patent in violation of 35 U.S.C. §271(b).

104.     Rocusa's deliberate and willful actions in inducing infringement of the '518 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

105.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §284.

## COUNT THIRTEEN – INDUCEMENT TO INFRINGE THE '684 PATENT

106.     Gillette restates and realleges paragraphs 1-105.

107.     Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '684 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '684 Patent in violation of 35 U.S.C. §271(b).

108.     Rocusa's deliberate and willful actions in inducing infringement of the '684 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

109.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '684 Patent pursuant to 35 U.S.C. §284.

### COUNT FOURTEEN – INDUCEMENT TO INFRINGE THE '904 PATENT

110.     Gillette restates and realleges paragraphs 1-109.

111.     Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '904 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '904 Patent in violation of 35 U.S.C. §271(b).

112.     Rocusa's deliberate and willful actions in inducing infringement of the '904 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

113.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '904 Patent pursuant to 35 U.S.C. §284.

### COUNT FIFTEEN – INDUCEMENT TO INFRINGE THE '023 PATENT

114.     Gillette restates and realleges paragraphs 1-113.

115.     Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '023 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '023 Patent in violation of 35 U.S.C. §271(b).

116.     Rocusa's deliberate and willful actions in inducing infringement of the '023 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

117.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '023 Patent pursuant to 35 U.S.C. §284.

## COUNT SIXTEEN – INDUCEMENT TO INFRINGE THE '874 PATENT

118.    Gillette restates and realleges paragraphs 1-117.

119.    Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '874 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '874 Patent in violation of 35 U.S.C. §271(b).

120.    Rocusa's deliberate and willful actions in inducing infringement of the '874 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

121.    Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '874 Patent pursuant to 35 U.S.C. §284.

## COUNT SEVENTEEN – INDUCEMENT TO INFRINGE THE '293 PATENT

122.    Gillette restates and realleges paragraphs 1-121.

123.    Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '293 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '293 Patent in violation of 35 U.S.C. §271(b).

124.    Rocusa's deliberate and willful actions in inducing infringement of the '293 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

125.    Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '293 Patent pursuant to 35 U.S.C. §284.

## COUNT EIGHTEEN – INDUCEMENT TO INFRINGE THE '287 PATENT

126.     Gillette restates and realleges paragraphs 1-125.

127.     Upon information and belief, Rocusa has, and will continue to, actively induce infringement of the '287 Patent by aiding and abetting the owners/operators of Daily Deal Websites in their infringement of the '287 Patent in violation of 35 U.S.C. §271(b).

128.     Rocusa's deliberate and willful actions in inducing infringement of the '287 Patent has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

129.     Rocusa has also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of Rocusa's willful inducement of infringement of Gillette's '287 Patent pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gillette respectfully requests that the Court enter judgment:

A.  In favor of Gillette and against the Defendant Rocusa on all claims;

B.  Preliminarily and permanently enjoin and restrain Defendant Rocusa and its officers, agents, employees, parents, subsidiaries, representatives, and all persons in active concert or participation with it against continued infringement of the '454 Patent, the '518 Patent, the '684 Patent, the '904 Patent, the '023 Patent, the '874 Patent, the '293 Patent, and the '287 Patent (35 U.S.C. § 283);

C.  Order an accounting for Gillette's damages and/or for Defendant's profits derived from and/or related to Defendant's infringement of the '751 Patent, '454 Patent, the '518 Patent, the '684 Patent, the '904 Patent, the '023 Patent, the '874 Patent, the '293 Patent, and the '287 Patent (35 U.S.C. §§284 and 289);

D.  Order an assessment of interest and costs against Defendant (35 U.S.C. § 283);

E.  Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. §285); and

F.  Award Gillette such other relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Gillette demands a trial by jury for all claims so triable.

Respectfully submitted,

*/s/ Tammy L. Imhoff*_____
Karen K. Gaunt (#0068418)
Tammy L. Imhoff (#0076720)
**DINSMORE & SHOHL, LLP**
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: karen.gaunt@dinsmore.com
        tammy.imhoff@dinsmore.com

7229865

*Counsel for Plaintiff The Gillette Company*